IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY SYKES, on behalf of herself and all other plaintiffs similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTHCARE FINANCIAL SERVICES, LLC and ELMBROOK SKILLED NURSING FACILITY LLC,<br><br>Defendants. | Civil Action No.: 1:21:cv-03190<br><br>Hon. Ronald A. Guzman<br><br>Magistrate Judge Jeffrey Cole |

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Legacy Healthcare Financial Services, LLC ("Legacy"), and Elmbrook Skilled Nursing Facility LLC ("Elmbrook") (collectively "Defendants"), by and through their undersigned attorneys, submit Defendants' Answer to Plaintiff Tiffany Sykes's ("Plaintiff" or "Sykes") Class and Collective Action Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1. The COVID-19 Pandemic caused great risk and alarm to skilled nursing workers throughout the United States and, in particular, to Defendants' employees. In fact, at the single location where Plaintiff worked in Elmhurst, Illinois, the Illinois Department of Public Health reported an "outbreak" of 98 COVID-19 cases and 17 deaths.

**Answer:** Defendants admit that the Illinois Department of Public Health, as of August 26, 2021, reports 99 total confirmed cases of Covid-19 among residents at the Elmbrook facility since the start of the Covid-19 pandemic. Defendants deny that the Illinois Department of Public Health reported 17 deaths from the Covid-19 pandemic at the Elmbrook facility. To

the extent the other allegations are intended to be factual, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly deny any remaining allegations.

2. Despite these dangerous work conditions, Defendants still needed its workers to show up to work at its nursing homes and facilities to care for its COVID-19 infected residents. As a result, during the Pandemic, it promised its workforce a Covid Shift Differential and Covid Bonus (collectively referred to herein as "Covid Pay") to work with COVID-19 patients and work through the Pandemic. This compensation was well-deserved: these workers were literally risking their lives by potentially contracting Covid-19.

**Answer:** Elmbrook admits that it and other facilities associated with Legacy need employees to work at its facilities and offered certain eligible employees in Illinois a Covid shift differential and Covid bonus (collectively, "Covid Pay"). Defendant Legacy denies that it employed Plaintiff or any other employee receiving Covid Pay. To the extent any other allegations are intended to be factual, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly deny any remaining allegations.

3. The law required that when Defendants' workers received the Covid Pay their overtime rate should have increased because the Covid Pay should have factored it into the so-called "regular rate" of pay. However, Defendants did not factor the Covid Pay into the overtime rate and, therefore, substantially underpaid its workforce when they worked overtime while risking their lives.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Covid Pay was initially not included in the regular rate of pay for certain eligible employees employed at Elmbrook. Defendants deny the remaining allegations in this paragraph, and deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all.

4. As a result, this civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**Answer:** Defendants admit that Plaintiff purports to bring this civil action on her own behalf and on behalf of others pursuant to the FLSA and IMWL. Defendants deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all, and deny any remaining allegations.

## PARTIES

5. Plaintiff worked as an hourly employee for Defendants at its Elmhurst, Illinois location.

**Answer:** Defendants admit that Plaintiff was employed as an hourly employee by Elmbrook and that Elmbrook's facility is located in Elmhurst, Illinois. Defendants deny that Plaintiff worked for or was employed by Legacy and deny any remaining allegations in this paragraph.

6. Defendant Legacy Healthcare Financial Services, LLC is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. Legacy provides residential health care services at over 39 facilities throughout Illinois and over 60 facilities across Illinois, South Dakota, and Montana. Legacy deemed the Plaintiff one of its "employees" and oversaw the administration of Elmbrook.

**Answer:** Defendants admit that Legacy is a limited liability company with its principal office in Skokie, Illinois, and that it currently serves as the registered Manager and/or provides back office services to 60 or more residential health care facilities across Illinois, South Dakota, and Montana, and that over 39 of those facilities are located in Illinois. Defendants deny that Legacy deemed Plaintiff one of its employees, and deny any remaining allegations in this paragraph.

7. Defendant Elmbrook Skilled Nursing Facility LLC is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. Elmbrook provides health care at its facility located at 127 W. Diversey, Elmhurst Illinois. Its Manager is Legacy Healthcare Financial Services, LLC.

**Answer:** Defendants admit that Elmbrook is a limited liability company with its principal office in Skokie, Illinois, that Elmbrook provides health care at 127 W. Diversey, Elmhurst, Illinois, and that Legacy is the registered Manager for Elmbrook. Defendants deny any remaining allegations in this paragraph.

8. Defendants are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**Answer:** This paragraph contains legal conclusions to which no response is required.

9. During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**Answer:** Defendants admit that, during the last three years, each has had an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise tax. Defendants deny any remaining allegations in this paragraph.

10. Defendants are the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Elmbrook was Plaintiff's employer and deny that Legacy was Plaintiff's employer.

11. Defendants are the Plaintiffs "employer" as defined by the IMWL. 820 ILCS 105/3(c).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Elmbrook was Plaintiff's employer and deny that Legacy was Plaintiff's employer.

12. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Plaintiff was employed by Elmbrook and deny that Plaintiff was employed by Legacy.

13. Plaintiff was Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Plaintiff was employed by Elmbrook and deny that Plaintiff was employed by Legacy.

## JURISDICTION AND VENUE

14. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that this Court currently has subject matter jurisdiction over Sykes's FLSA claim and supplemental jurisdiction over the IMWL claim. Defendants deny any remaining allegations in this paragraph.

15. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that venue is proper in the Northern District of Illinois. Defendants deny any remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendants within the past three years.

**Answer:** Defendants admit that Plaintiff worked for Elmbrook within the past three years. Defendants deny that Plaintiff worked for or was employed by Legacy and deny any remaining allegations in this paragraph.

17. To incentivize employees to work during the Covid-19 pandemic with exposed residents, Defendants paid Plaintiff and other employees an additional premium rate per hour called "COVshftdf" and bonus called "COVBonus".

**Answer:** Defendants admit that Elmbrook paid eligible employees a per hour shift differential and per pay period bonus amount during certain pay periods during the Covid-19 pandemic, and in some instances coded such payments as "COVshftdf" and "COVBonus," respectively. Defendants deny any remaining allegations in this paragraph.

18. However, Defendants calculate employee overtime rates based on only the employees' base rate of pay and does not capture all necessary compensation required. However, the FLSA and IMWL require overtime wages of one and one-half times employee's "regular rate" of pay, not the base rate for all overtime hours.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants deny that they calculate employee overtime rates based only on an employee's base rate of pay and do not capture all necessary compensation required and admit that Covid Pay was initially not included in the regular rate of pay for certain eligible employees employed at Elmbrook. Defendants deny any remaining allegations in this paragraph.

19. The "COVshftdf" and "COVBonus" should have been included when calculating Plaintiff and other employees' regular rate of pay when determining overtime compensation.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Covid Pay was initially not included in the regular rate of pay for certain eligible employees employed at Elmbrook and deny that Plaintiff is owed any overtime compensation and deny any remaining allegations in this paragraph.

20. The regular rate is computed by dividing an employee's total compensation in the workweek by the total hour worked in the workweek and the regular rate includes all remuneration for employment paid to, or on behalf of, the employee.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that the regular rate of pay is computed by dividing an employee's total compensation (except for statutory exclusions) by the total hours worked in a workweek. Defendants deny any remaining allegations in this paragraph.

21. Defendants fail to include the "COVshftdf" and "COVBonus" when calculating Plaintiff and other employee's overtime rates.

**Answer:** Defendants admit that Covid Pay was initially not included in the regular rate of pay for certain eligible employees employed at Elmbrook. Defendants deny that Plaintiff is currently owed any overtime compensation and deny any remaining allegations in this paragraph.

22. This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

**Answer:** Defendants deny that Plaintiff or putative plaintiffs have been deprived of their full overtime wages. Defendants deny any remaining allegations in this paragraph.

23. The Department of Labor has opined that hazard pay, such as that paid by the Defendants, must be included in the overtime regular rate of pay. In its Pandemic guidance, it explains as follows under Questions and Answers:

> Q. "I am an employee of a private employer that began paying me incentive payments, such as hazard pay, for working during the COVID-19 pandemic. Do those incentive payments have to be included in the regular rate that is used to compute my overtime pay?"
>
> A. "Yes, payments your employer provides you to perform work constitute compensation for employment that must be included in the regular rate, subject to eight exclusions described in

section 7(e) of the FLSA. None of those exclusions apply to the incentive payments described above."[1]

**Answer:** The allegations in this paragraph attempt to restate a question and answer in the DOL's Covid-19 and the Fair Labor Standards Act Questions and Answers document, a document that speaks for itself. Accordingly, Defendants deny any allegations contrary to the document.

24. By way of example:

(a) During the pay period of 6/4/20 — 6/17/20 Plaintiff's base rate of pay was $28.00 per hour. She worked 98.25 hours of which 18.25 hours were overtime and received "COVshftdf" in the amount of $91.25 and additional "COVBonus" in the amount of $155. However, her overtime premium was only $14.00 per hour ($28 per hour * .5). The overtime premium should have been $15.26 because the regular rate is $30.51 per hour.[2] This resulted in an underpayment of approximately $23.00;

(b) During the pay period of 6/18/20-7/01/20 Plaintiff's base rate of pay was $30.00 per hour. She worked 83 hours of which 7.75 hours were overtime and received "COVshftdf" in the amount of $385 and additional "COVBonus" in the amount of $155. However, her overtime premium was only $15 per hour ($30 per hour * .5). The overtime premium should have been $18.25 because the regular rate is $36.50 per hour.[3] This resulted in an underpayment of approximately $25.19.

**Answer:** Defendants admit that during the pay periods noted in (a) and (b) of this paragraph, Plaintiff's base rate of pay and hours of work were as alleged, and that the calculations approximately reflect the inclusion of Covid Pay on Plaintiff's regular rate of pay and overtime rate of pay. Defendants deny that Plaintiff is currently owed overtime compensation and deny any remaining allegations in this paragraph.

---

[1] https://www.dol.gov/agencies/whd/flsa/pandemic#25
[2] (98.25 hours worked * $28.00 per hour)+($91.25 COVshtdf+ $155 COVBonus) = $2,997.25; $2,997.25 / 98.25 hours = $30.51 per hour
[3] (83 hours worked * $30.00 per hour)+($385 COVshtdf+ $155 COVBonus) = $3;030.00 $3,030.00/ 83 hours = $36.50 per hour

25. Plaintiff performed her job responsibilities for Defendants in the State of Illinois.

**Answer:** Defendants admit that Plaintiff performed her job duties for her employer Elmbrook in the State of Illinois. Defendants deny that Plaintiff was an employee of Legacy or that she performed any job duties for Legacy, and deny any remaining allegations in this paragraph.

26. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants deny that purported similarly situated employees have not been paid the required overtime wages. Defendants deny any remaining allegations in this paragraph.

27. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Plaintiff and other employees of Elmbrook classified as non-exempt were not exempt from the overtime provisions of the FLSA. Defendants deny any remaining allegations in this paragraph.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff seeks to maintain this suit as a nationwide Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of herself and all other non-exempt employees who were not fully compensated for overtime hours worked.

**Answer:** Defendants admit that Plaintiff purports to bring this suit as a nationwide collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P 23 on behalf of herself and all other non-exempt employees who were allegedly not fully

compensated for overtime hours worked. Defendants deny that a nationwide collective or class action is appropriate, and deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all. Defendants deny any remaining allegations in this paragraph.

29. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime at one and one-half times their regular rate of pay.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Plaintiff and other non-exempt employees employed by Elmbrook or other Legacy-associated facilities at times worked over 40 hours per week. Defendants deny any remaining allegations in this paragraph, and deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all.

30. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants deny that Plaintiff can maintain this action or a nationwide collective or class action, deny that Defendants practices were unlawful, and deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all. Defendants deny any remaining allegations in this paragraph.

31. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

**Answer:** Defendants deny the allegations in this paragraph.

32. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required

compensation of one and one-half time [sic] their regular rate of pay for work in excess of 40 hours.

**Answer:** Defendants deny the allegations in this paragraph.

33. There are estimated to be hundreds of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants deny the allegations in this paragraph.

34. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**Answer:** Defendants admit that Elmbrook and the Legacy-associated facilities in Illinois that offered Covid Pay are in custody or control of information about their respective employees, including information concerning hours worked and amounts paid. Defendants deny any remaining allegations in this paragraph.

35. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly deny the allegations of this paragraph.

**COUNT I – FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to 29 U.S.C. § 216)**

36. The Plaintiff re-alleges and incorporates by reference paragraphs 1-35.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1-35 of the Complaint.

37. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

**Answer:** This paragraph contains legal conclusions to which no response is required.

38. The proper overtime rate is computed by multiplying 1.5 times an employee's regular rate of pay.

**Answer:** This paragraph contains legal conclusions to which no response is required.

39. Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

**Answer:** Defendants deny that they failed to compensate Plaintiff or putative plaintiffs at the proper overtime rate for all hours worked over 40 per week and deny that Plaintiff or purported similarly situated employees are entitled to any damages, or any type of relief at all. Defendants deny any remaining allegations in this paragraph.

40. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**Answer:** Defendants deny the allegations in this paragraph.

41. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**Answer:** Defendants deny violating the FLSA and deny the remaining allegations in this paragraph.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendants' violations of the FLSA was willful;

C. Unpaid overtime compensation;

D. An additional amount equal as liquidated damages;

E. Prejudgment interest;

F. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

G. Such other and further relief as this Court deems appropriate and just.

**Answer:** To the extent that an answer to Plaintiff's Prayer for Relief for Count I is required, Defendants deny violating the FLSA, deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all, and deny the remaining allegations in this paragraph.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All Similarly Situated**
**Employees Pursuant to Fed.R.Civ.Pro. 23)**

42. Plaintiff hereby alleges and incorporates Paragraph 1 through 41 of this Complaint, as is fully set forth herein.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1-41 of the Complaint.

43. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

**Answer:** Defendants admit that Count II purports to bring a claim under the IMWL. Defendants deny that they violated the IMWL and deny that Plaintiff or putative plaintiffs are

13

entitled to any damages, or any type of relief at all. Defendants deny any remaining allegations in this paragraph.

44. Under the IMWL, Defendants were and remains [sic] obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Defendants admit that Elmbrook, as Plaintiff's employer, is obligated to pay its non-exempt employees for time worked in excess of 40 hours in any individual work week, and admit that overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay. Defendants deny any remaining allegations in this paragraph.

45. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times her regular rate for such overtime work.

**Answer:** Defendants deny the allegations in this paragraph.

46. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

**Answer:** Defendants deny the allegations in this paragraph.

47. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**Answer:** Defendants deny they have a policy and practice of withholding overtime compensation, and deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all. Defendants deny any remaining allegations in this paragraph.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

  A.  A Declaratory Judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

  B.  A declaratory judgement that Defendants' violations of the IMWL were willful;

  C.  Unpaid overtime compensation;

  D.  A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

  E.  A judgement of reasonable attorney's fees and costs incurred in filing this action; and

  F.  Such other and further relief as this Court deems appropriate and just.

**Answer:** To the extent that an answer to Plaintiff's Prayer for Relief for Count II is required, Defendants deny violating the IMWL, deny that Plaintiff or putative plaintiffs are entitled to any damages, or any type of relief at all, and deny the remaining allegations in this paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's or any putative class member's claims for relief in this action, Defendants allege the following affirmative and other defenses:

  1.  The Complaint fails to state a claim upon which relief can be granted.

  2.  The claims of Plaintiff and certain similarly-situated employees whom she purports to represent are pre-empted by the Labor Management Relations Act.

  3.  Plaintiff has failed to state any facts to establish that Legacy was her employer, and Legacy was not her employer or the employer of any purported similarly situated employee.

  4.  Neither Plaintiff nor any similarly situated employee whom she purports to represent may proceed against Elmbrook and Legacy as joint employers.

5. Neither Plaintiff nor any similarly situated employee whom she purports to represent is entitled to proceed as a class or collective action, and the Complaint must be dismissed, in whole or in part, because certain employee's overtime pay was dictated by the terms of an applicable collective bargaining agreement.

6. To the extent that Defendants failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA, and Plaintiff's claim for liquidated damages, in whole or in part, is barred by the Portal-to-Portal Act, 29 U.S.C. § 260.

7. Defendants did not willfully, knowingly, or with reckless disregard violate the FLSA, nor did Defendants willfully, repeatedly, or with reckless disregard violate the IMWL.

8. Plaintiff's claims, in whole or in part, are barred by the doctrine of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, waiver, estoppel, and release.

9. Plaintiff's claims are barred to the extent that she, or any similarly-situated employee whom she purports to represent, has executed a waiver or compromise or release of any claims asserted in this lawsuit.

10. Plaintiff's claims are barred to the extent that she, or any similarly situated employee whom she purports to represent, seeks overtime compensation for time she did not work, time she was not required to work, or work of which her employer Elmbrook or any applicable Legacy-associated facility was unaware.

11. Neither Plaintiff nor any similarly situated employee whom she purports to represent is entitled to any liquidated damages, penalties, pre-judgment interest, attorneys' fees, or costs.

12. Defendants reserve the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

Date: September 8, 2021 Respectfully submitted,

/s/ *Andrew S. Rosenman*
Andrew S. Rosenman
Maritoni D. Kane
David S. Levine
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
arosenman@mayerbrown.com
mkane@mayerbrown.com
dlevine@mayerbrown.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I, Andrew S. Rosenman, an attorney, hereby certify that on September 8, 2021, I caused a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      /s/ *Andrew S. Rosenman*
      Andrew S. Rosenman
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600
      arosenman@mayerbrown.com